[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14169
Non-Argument Calendar
_____

D.C. Docket No. 9:18-cr-80062-DMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES EDWARD SMITH,
a.k.a. Suncoast,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 20, 2019)

Before TJOFLAT, BRANCH and ANDERSON, Circuit Judges.

PER CURIAM:

A jury convicted Charles Edward Smith for conspiring to commit sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), (b)(2) and (c), 1594(c), and the district court sentenced him to prison for a term of 235 months. He appeals his conviction and sentence. He challenges his conviction on two grounds: (1) the district court erred in overruling his *Batson* challenge during jury selection by impermissibly making its own speculative finding as to why a potential juror was struck using a peremptory strike, instead of requiring the prosecutor to provide a race-neutral reason; (2) the evidence at trial was insufficient to convict him because the government failed to show that he acted in concert with anyone to entice the 14-year old minor "AA" into sex trafficking, let alone his codefendant, Michael Joseph Clark, who pled guilty prior to Smith's trial.

Smith challenges his sentence on two grounds:  (1) the district court erred by enhancing his sentence under U.S.S.G. § 2B1.3(b)(2)(B) and § 2G1.3(b)(4) for "unduly influencing a minor" and for an offense involving the commission of a "sex act"; (2) his sentence is substantively unreasonable because the 18 U.S.C. § 3553(a) sentencing factors that the court relied on did not warrant a sentence at the high-end of his advisory guideline range of 188 to 235 months' imprisonment. We turn first to Smith's challenges to his conviction.

1)  The *Batson* issue.

2

"When reviewing the district court's ruling on *Batson* challenges, the court's determination is entitled to great deference, and must be sustained unless it is clearly erroneous." *United States v. Robertson*, 736 F.3d 1317, 1324 (11th Cir. 2013). Ordinarily, a prosecutor is entitled to exercise permitted peremptory challenges for any reason at all. *Batson v. Kentucky*, 476 U.S. 79, 89 (1986). However, the Equal Protection Clause forbids a prosecutor from challenging potential jurors solely on account of their race. *Id.* *Batson* provides a three-step process for trial courts to use in adjudicating a claim that a peremptory challenge was based on race: (1) the objecting party must make a *prima facie* showing that the peremptory challenge is exercised on the basis of race; (2) the burden then shifts to the challenger to articulate a race-neutral explanation for striking the juror in question; and (3) the trial court must determine whether the objecting party has carried its burden of proving purposeful discrimination. *United States v. Allen-Brown*, 243 F.3d 1293, 1297 (11th Cir. 2001).

A district court should consider "all relevant circumstances supporting the challenging party's assertion of discrimination," including: the striking party's pattern of striking venire members of a particular race, whether the underlying case contains race-related issues, the race of the defendant, and the racial composition of the remaining pool of potential jurors. *Robertson*, 736 F.3d at 1325-26. We have previously warned that "the mere fact of striking a juror or a set of jurors of a

3

particular race does not necessarily create an inference of racial discrimination."

*United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1044 (11th Cir. 2005) (citing

*Cent. Ala. Fair Hous. Ctr., Inc. v. Lowder Realty Co.*, 236 F.3d 629, 637 (11th Cir.

2000)).  The pure numbers of those struck of a certain race "takes on meaning *only*

when coupled with other information such as the racial composition of the venire,

the race of others struck, or the *voir dire* answers of those who were struck

compared to the answers of those who were not struck."  *Id.*  The district court

need not require an explanation for a peremptory strike unless it is satisfied that a

*prima facie* case of discrimination exists.  *Robertson*, 736 F.3d at 1326.  We give

deference to the district court's *prima facie* finding of discrimination.  *See id.*

at 1327.  We consider the "relevant circumstances existing at the time of the first

*Batson* challenge," as a *prima facie* determination is "self-contained, first step in a

one-direction process, which is not affected by events or determinations that occur

thereafter."  *Id*. at n.11 (citing *United States v. Stewart*, 65 F.3d 918, 926 (11th Cir.

1995)).

The district court did not clearly err in concluding that Smith failed to

establish a *prima facie* case of discrimination because he could show no other

evidence of discrimination other than the fact that two black jurors had been

struck.  The court was within its discretion to consider the stricken juror's *voir dire*

responses and those responses compared to the other juror's responses in

4

determining if there was a *prima facie* case of discrimination, and we give the district court's decision great deference. *Robertson*, 736 F.3d at 1325-27; *Ochoa-Vasquez*, 428 F.3d at 1044. Thus, as the court did not clearly err in finding that the stricken juror had a unique background compared to the other potential jurors that connected to the facts of Smith's case, the fact that both stricken jurors were black is not enough to demonstrate a *prima facie* case of discrimination.

2) The sufficiency-of-the-evidence issue.

When the defendant has challenged the sufficiency of the evidence by an appropriate motion for judgment of acquittal, we review *de novo* whether there is sufficient evidence to support a conviction and we view the record in the light most favorable to the government, resolving all reasonable inferences in favor of the verdict. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). We assume the jury made all credibility choices in support of the verdict. *Id.* at 1285. The evidence will be sufficient if a reasonable trier of fact could find that the evidence established the defendant's guilt beyond a reasonable doubt. *Id.* at 1284-85. Accordingly, it is not enough for a defendant to put forth a reasonable hypothesis of innocence, as the issue is not whether a jury reasonably could have acquitted, but whether it reasonably could have found the defendant guilty. *Id.* at 1285. This test for sufficiency is the same, regardless of whether the evidence is direct or circumstantial, but where the government relied on circumstantial

5

evidence, "reasonable inferences, not mere speculation, must support the conviction." *United States v. Martin*, 803 F.3d 581, 587 (11th Cir. 2015) (quotation marks omitted).  Credibility questions are the sole province of the jury. *United States v. Schmitz*, 634 F.3d 1247, 1269 (11th Cir. 2011).

To convict a defendant of conspiracy to commit the sex trafficking of a minor, the government must have proven that (1) two or more people agreed to violate § 1591, (2) the defendant knew of that conspiratorial goal, and (3) the defendant voluntarily assisted in accomplishing that goal.  *United States v. Mozie*, 752 F.3d 1271, 1287 (11th Cir. 2014).  An agreement can be inferred from two people's conduct and the government need not prove that a defendant knew every detail or participated in every stage of the conspiracy.  *Id.*; *United States v. Jones*, 913 F.2d 1552, 1557 (11th Cir. 1990).

Based on this evidence, a reasonable jury could convict Smith of conspiring with Clark to commit sex trafficking of a minor.  The record evidence is sufficient to show that (1) at least Smith, Clark, and AA's mother agreed to entice, harbor, obtain, and solicit AA—a minor—to engage in a commercial sex act, (2)  Smith knew of the goal to entice, harbor, obtain, and solicit AA to engage in a commercial sex act, and (3) Smith voluntarily assisted in the goal to entice, harbor, obtain, and solicit AA to engage in a commercial sex act.

Having resolved the challenges to Smith's conviction, we address the sentencing issues he presents.

1)  The Guideline level enhancements issues.

We review the district court's application of the Sentencing Guidelines *de novo* and its findings of fact for clear error.  *United States v. Bane*, 720 F.3d 818, 824 (11th Cir. 2013).  A two-level sentencing enhancement applies if "a participant otherwise unduly influenced a minor to engage in prohibited sexual conduct . . . ." U.S.S.G. § 2G1.3(b)(2)(B).  A "Participant" is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." § 3B1.1, comment. (n.1).  "In determining whether subsection (b)(2)(B) applies, the court should closely consider the facts of the case to determine whether a participant's influence over the minor compromised the voluntariness of the minor's behavior."  § 2G1.3, comment. (n.3(B)).  The district court may consider whether the defendant's conduct displayed "an abuse of superior knowledge, influence and resources."  *United States v. Blake*, 868 F.3d 960, 977 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 1580 (2018) (holding that "superior knowledge" was demonstrated by the defendant's management of the prostitution ring, advertisement of the business, and facilitation of transport).  Where a participant is at least ten years older than the minor, a rebuttable presumption of undue influence is triggered.  *Id*.; § 2G1.3, comment. (n.3(B)).

7

Section 2G1.3(b)(4)(A) of the guidelines applies when the offense "involved the commission of a sex act or sexual contact," an enhancement that we have held applies only "where a sex act or sexual conduct actually did occur." *Blake*, 868 F.3d at 977.

The district court did not err by applying either enhancement because Smith did not overcome the rebuttable presumption that he exerted undue influence over AA and testimonial evidence supported the finding that a sex act had been committed. *See Blake*, 868 F.3d at 977; U.S.S.G. § 2G1.3, comment. (n.3(B)) and 2G1.3(b)(4)(A).

3)  The reasonableness issue.

We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Osorio-Moreno*, 814 F.3d 1282, 1287 (11th Cir. 2016). "The party challenging a sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).  The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), and shall consider the need to: reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; deter criminal conduct; and protect the public from the defendant's future

criminal conduct.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant.  *Id*. at (a)(1).  We have held that a district court is not required to state on the record that it has explicitly considered or discussed each § 3553(a) factor; rather, the district court's acknowledgment that it considered the § 3553(a) factors and the defendant's arguments is sufficient.  *United States v. Docampo*, 573 F.3d 1091, 1100 (11th Cir. 2009).

A district court can abuse its discretion when it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*).  We will not second guess the weight that the district court gave to a § 3553(a) factor as long as the sentence is reasonable in light of all the circumstances.  *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).  The district court is permitted to attach great weight to one § 3553(a) factor over others.  *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013).  We will only vacate a sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Irey*, 612 F.3d at 1190 (quoting *Pugh*,

9

515 F.3d at 1191).  Although we do not presume that a sentence falling within the guideline range is reasonable, we ordinarily expect such a sentence to be reasonable.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Smith has not satisfied his burden to prove that his sentence is substantively unreasonable because the court considered the § 3553(a) factors and gave them proper weight in its determination.  While Smith argues that these factors should not have resulted in his sentence at the high-end of the advisory guidelines, the court did not (1) fail to consider other relevant factors, (2) give too significant a weight to any one factor, or (3) unreasonably consider the factors.  *Irey*, 612 F.3d at 1189.  Accordingly, his conviction and sentence are

**AFFIRMED.**